# EXHIBIT A

EFiled: Dec 20 2018 04:33PM EST
Transaction ID 62791171
Case No. N18C-12-229 EMD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JEANETTE WRIGHT, ) | |
| ) | C.A. No._____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, TRADING AS ) | |
| AMTRAK, ) | TRIAL BY JURY OF |
| ) | SIX DEMANDED |
| Defendant. ) | |

### COMPLAINT

1. Plaintiff is and at all times relevant hereto was a resident of Prince George's County, Maryland. Plaintiff currently resides at 5700 Federal Court, Upper Marlboro, Maryland 20772.

2. The Defendant is a federally chartered corporation with headquarters located in Washington, D.C. and a place of business located at 100 South French Street, Wilmington, Delaware 19801 ("the Wilmington AMTRAK station" or "the Wilmington station").

3. Pursuant to 49 U.S.C. § 24301(b), the Defendant's principal office and place of business is located in Washington, D.C., and federal law requires service on the Defendant by certified mail directed to: Eleanor D. Acheson, Chief Legal Officer, General Counsel & Corporate Secretary, National Railroad Passenger Corporation, 1 Massachusetts Avenue NW, Washington, DC 20001. The Defendant has also agreed to accept service through its registered agent, CT Corporation, located at 1015 15th Street NW, Suite 1000, Washington, DC 20005.

4. At all times pertinent hereto, Plaintiff was a business invitee of the Defendant.

5. This action arises out of a slip and fall accident that occurred on January 23, 2017, at the Wilmington AMTRAK station.

6. The facts of the accident are as follows:

   a. Plaintiff travelled to the Wilmington station by train from another AMTRAK station in Washington, D.C.

   b. After exiting the train at the Wilmington station, Plaintiff walked down a set of stairs that led away from the train platform.

   c. It was raining outside the Wilmington station, and the walkway at the bottom of the stairs was wet.

   d. There were no warnings of any sort provided to alert passengers that the floor was wet.

   e. When Plaintiff stepped from the last stair onto the floor below, the wet walkway caused her left foot to slip.

   f. Plaintiff was thrown off balance, fell, and sustained multiple injuries.

7. The Defendant was negligent per se as follows:

   a. Section 302 of the New Castle County Property Maintenance Code ("the Property Maintenance Code") mandates that "[a]ll sidewalks, walkways, stairs, driveways, parking spaces and similar area shall be kept in a proper state of repair, and maintained free from hazardous conditions."

   b. The Defendant permitted water to accumulate at the bottom of the stairs in a significant enough quantity to create a slipping hazard.

    c. As such, the Defendant failed to keep the stairs and walkways of the Wilmington station free from hazardous conditions as mandated by the Property Maintenance Code.

    d. The Property Maintenance Code was created to protect individuals from physical injuries caused by improperly maintained properties.

    e. Plaintiff is in the class of persons whom the Property Maintenance Code was designed to protect.

    f. Plaintiff's injuries are of the type the Property Maintenance Code was designed to protect against.

8. The Defendant was generally negligent as follows:

    a. The Defendant failed to make the Defendant's business premises reasonably safe. *See, e.g., Hamm v. Ramunno*, 281 A.2d 601, 603 (Del.1971).

    b. The Defendant failed to inspect its property for dangers.

    c. The Defendant failed to prevent Plaintiff's injuries, for example, by cleaning up the water on the floor or placing rugs on the floor to prevent individuals like Plaintiff from slipping on the wet floor

    d. The Defendant failed to warn Plaintiff, a business invitee, of the water on the floor.

9. The Defendant was further negligent in that the actions of its agents constituted a deviation from the standard of reasonably prudent persons under like circumstances.

10. The Defendant's negligence directly and proximately caused Plaintiff's accident.

11. As a result of that accident, Plaintiff has experienced and will experience conscious pain and suffering, loss of enjoyment, permanent injury, bodily impairment, lost wages, medical expenses, disfigurement, and physical injury.

**WHEREFORE**, Plaintiff prays for judgment in favor of Plaintiff and against the Defendant for damages generally, for special damages to be shown at trial, for an award of future medical expenses and lost wages, and for the costs of this action.

SCHWARTZ & SCHWARTZ

By: /s/Gwendolyn M. Osborn-Gustavson
GWENDOLYN M. OSBORN-GUSTAVSON
Delaware Bar ID No. 6570
1140 South State Street
Dover, Delaware 19901
(302) 678-8700

Dated: December 20, 2018

EFiled: Dec 20 2018 04:33PM EST
Transaction ID 62791171
Case No. N18C-12-229 EMD

# SUPERIOR COURT
## CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: NEW CASTLE      CIVIL ACTION NUMBER: _____

| | |
|---|---|
| CAPTION:<br><br>JEANETTE WRIGHT, Plaintiff<br>v.<br>NATIONAL RAILROAD PASSENGER CORPORATION, TRADING AS AMTRAK,<br>Defendant.<br><br><br>ATTORNEY NAME(S):<br>Gwendolyn M. Osborn-Gustavson<br><br>FIRM NAME:<br>Schwartz & Schwartz,<br>Attorneys at Law, P.A.<br><br>ADDRESS:<br>1140 South State Street<br>P.O. Box 541<br>Dover, DE 19903<br><br>TELEPHONE NUMBER:<br>(302) 678-8700<br><br>FAX NUMBER:<br>(302) 678-8702<br><br>E-MAIL ADDRESS:<br>gwen@schwartzandschwartz.com | Civil Case Code: CPIN<br><br>Civil Case Type: Personal Injury<br><br>MANDATORY NON-BINDING ARBITRATION (MNA): NO<br><br>NAME AND STATUS OF PARTY FILING COMPLAINT:<br>JEANETTE WRIGHT,<br>Plaintiff<br><br>DOCUMENT TYPE:<br>Complaint<br><br>JURY DEMAND: X YES<br><br>IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS:<br>None.<br><br>EXPLAIN THE RELATIONSHIP(S):<br>N/A<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br>None.<br><br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

EFiled: Dec 20 2018 04:33PM EST
Transaction ID 62791171
Case No. N18C-12-229 EMD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JEANETTE WRIGHT, ) | |
| ) | C.A. No._____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, TRADING AS ) | |
| AMTRAK, ) | TRIAL BY JURY OF |
| ) | SIX DEMANDED |
| Defendant. ) | |

## RULE 3 STATEMENT

UNDERSIGNED COUNSEL hereby deposes and certifies as follows:

1. Photocopies of documentary evidence relating to special damages, if any, will be provided to counsel once an appearance is entered.

2. Copies of plaintiff's past three years' income tax are in her possession or have been applied for, and will be supplied forthwith and without further request when an appearance is made on behalf of the Defendant.

SCHWARTZ & SCHWARTZ

By:_ /s/Gwendolyn M. Osborn-Gustavson
GWENDOLYN M. OSBORN-GUSTAVSON
Delaware Bar ID No. 6570
1140 South State Street
Dover, Delaware 19901
(302) 678-8700

EFiled: Dec 20 2018 04:33PM EST
Transaction ID 62791171
Case No. N18C-12-229 EMD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| JEANETTE WRIGHT, | ) | |
| | ) | C.A. No._____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, D/B/A AMTRAK, | ) | TRIAL BY JURY OF |
| | ) | TWELVE DEMANDED |
| Defendant. | ) | |

## PLAINTIFF'S ANSWERS TO FORM 30 INTERROGATORIES

1. Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

ANSWER: The Plaintiff does not have the name or other identifying information for any eyewitness, except that one of Defendant's employees, a security officer, approached her after the accident and that employee stated she witnessed the fall. Plaintiff does not know that employee's name.

2. Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts of the litigation.

ANSWER:

Jeanette Wright
Residential Address
5700 Federal Court
Upper Marlboro, MD 20772
301-574-5537

Employment Address
Drinker Biddle & Reath LLP
1500 K Street, N.W., Ste. 1100
Washington, DC 20005-1209
202-842-8800

The following medical providers have knowledge of the facts of the litigation. Their residential addresses are unknown:

Gabriel L. Petruccelli, M.D., FAAOS
Greater Washington Orthopaedic Group
1400 Forest Glen Road, Ste. 400

Silver Spring, MD 20910
301-589-3324

Sam Driben, NREMT
DEMRS
St. Francis Hospital
EMS
701 N. Clayton St.
Wilmington, DE 19805
302-471-4553

Michael C. Wiedner, M.D.
Christiana Care Health Services – Emergency Department
501 West 14th Street
Wilmington, DE 19801
302-733-1000

Kathleen Hogan, RN
Christiana Care Health Services – Emergency Department
501 West 14th Street
Wilmington, DE 19801
302-733-1000

Kathryn Y. Groner, M.D.
Christiana Care Health Services – Emergency Department
501 West 14th Street
Wilmington, DE 19801
302-733-1000

Min-Chul F. Shin, M.D.
Christiana Care Health Services – Emergency Department
501 West 14th Street
Wilmington, DE 19801
302-733-1000

Paige M. Furler, RN
Christiana Care Health Services – Emergency Department
501 West 14th Street
Wilmington, DE 19801
302-733-1000

Robert Hsu, M.D.
Christiana Care Health Services – Emergency Department
501 West 14th Street
Wilmington, DE 19801

302-733-1000

Gabriela K. Fioravanti, RN
Christiana Care Health Services – Emergency Department
501 West 14th Street
Wilmington, DE 19801
302-733-1000

Lealah Fremuth, PT
Pivot Physical Therapy – 18th Street
1150 18th Street NW
Suite Lower Level 4
Washington, D.C. 20036-3816
202-775-1777

3. Give the names of all persons who have been interviewed in connection with the above litigation including the names and present or last known residential and employment address and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment address and telephone numbers of the persons who have the original and copies of the interview.

ANSWER: See answer to Question 2. All interviews were conducted by Schwartz & Schwartz as part of confidential attorney-client communications, and are protected as such.

4. Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone numbers of the person having the original and copies thereof. (In lieu thereof, a copy can be attached).

ANSWER: Plaintiff's counsel possesses photographs of injuries, which will be produced once defense counsel enters an appearance.

5. Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert. If an expert is not presently retained, describe the type of expert whom the party expects to retain in connection with the litigation.

ANSWER: No expert is presently retained. Plaintiff expects to retain one or more medical experts in connection with this litigation.

6. Give a brief description of any insurance policy including excess coverage that is or may be applicable to the litigation, including: a. the name and address of all companies insuring the risk, b. the policy numbers, c. the types of insurance, d. the amounts of primary, secondary and excess coverage.

ANSWER: Plaintiff's insurance does not apply to the litigation.

7. Give the name, professional address and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

ANSWER: Plaintiff is compiling a list of prior medical providers, and this will be provided to the Defendant promptly upon completion.

SCHWARTZ & SCHWARTZ

By: /s/Gwendolyn M. Osborn-Gustavson
GWENDOLYN M. OSBORN-GUSTAVSON
Delaware Bar ID No. 6570
1140 South State Street
Dover, Delaware 19901
(302) 678-8700

EFiled: Dec 20 2018 04:33PM EST
Transaction ID 62791171
Case No. N18C-12-229 EMD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JEANETTE WRIGHT, ) | |
| ) | C.A. No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, TRADING AS ) | |
| AMTRAK, ) | TRIAL BY JURY OF |
| ) | SIX DEMANDED |
| Defendant. ) | |

**PRAECIPE**

TO:  PROTHONOTARY
     New Castle County Superior Court
     500 North King Street
     Wilmington, DE 19801

PLEASE DOCKET the within Complaint and issue a Summons.

Copies of the Summons and Complaint shall be served upon the Defendant, National Railroad Passenger Corporation, trading as AMTRAK, by undersigned counsel pursuant to Delaware's Long Arm Statute.

SCHWARTZ & SCHWARTZ

By:  /s/Gwendolyn M. Osborn-Gustavson
     GWENDOLYN M. OSBORN-GUSTAVSON
     Delaware Bar ID No. 6570
     1140 South State Street
     Dover, Delaware 19901
     (302) 678-8700

EFiled: Dec 20 2018 04:33PM EST
Transaction ID 62791171
Case No. N18C-12-229 EMD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEANETTE WRIGHT, | ) | |
| | ) | C.A. No._____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, TRADING AS | ) | |
| AMTRAK, | ) | TRIAL BY JURY OF |
| | ) | SIX DEMANDED |
| Defendant. | ) | |

## SUMMONS

**THE STATE OF DELAWARE,**
**TO GWENDOLYN M. OSBORN-GUSTAVSON, ESQ.,**
**YOU ARE COMMANDED:**

To summon the above named defendant, National Railroad Passenger Corporation, trading as AMTRAK, so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon GWENDOLYN M. OSBORN-GUSTAVSON, ESQ., plaintiff's attorney, whose address is 1140 South State Street, P.O. Box 541, Dover, DE 19903, an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated:_____

_____
*Prothonotary*

_____
*Per Deputy*

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated:_____

_____
*Prothonotary*

_____
*Per Deputy*